OMAR L. HITTLE

*v.*

ANNA ZEIMER *et al.*

*Filed at Ottawa November 9, 1896.*

1. CONTINUANCE—*party is chargeable with notice of terms of continuance.* Complainant in a bill in chancery, though absent in Europe, is chargeable with knowledge of the terms and conditions on which his agents procure a postponement of trial.

2. SAME—*duty of party to whom continuance is granted upon conditions.* A continuance granted a complainant on account of his solicitor's illness on the express condition that should his solicitor's illness continue he must procure another, imposes the duty of procuring other counsel if such illness continues, or of making a showing, when the time arrives, of inability to prepare for trial.

3. SAME—*when trial ex parte is proper, in chancery, upon complainant's default.* Upon continuance of a chancery cause to a certain day on account of illness of complainant's local solicitor, the court may at such time hear the case upon defendant's evidence, though the solicitor is still ill, and an associate solicitor living at a distance, who was only notified the day before the time set, is also ill, where no motion to continue, setting up the facts, is made.

4. APPEALS AND ERRORS—*when motion to vacate decree is properly overruled.* Refusal of a court to vacate its decree dismissing bill will not be reversed on appeal, where complainant was defaulted for not preparing for trial or moving to continue, and the court was probably not satisfied, from any showing made, that he had a meritorious cause of action.

WILKIN and PHILLIPS, JJ., dissenting.

*Hittle v. Zeimer,* 62 Ill. App. 170, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

The appellant, Hittle, claiming to be the owner of the premises in controversy, alleged to be of great value, brought his bill in equity in the circuit court of Cook county against the appellees, alleging that they had clouded his title; that certain sales of said premises, made by trustees under certain deeds of trust under

which the defendants claimed title, were fraudulent and void and passed no title, and that the complainant ought to be allowed·to redeem from said sales, offering to pay whatever should be found just, and praying that the alleged clouds upon complainant's title might be removed and his title to the premises confirmed, etc.

The defendants (appellees here) answered, and claimed title to the premises in fee, and set up their chain of title from the government down through the immediate owners to themselves, claiming that the said sales of said trustees were valid and passed valid title to them in fee; that appellant and his grantors had instituted several suits in chancery of a like nature, in which, or in some of which, final decrees had been rendered in confirmation of the defendants' title and against appellant, and that one of said decrees had, on appeal, been affirmed by this court in the case of *Sawyer* v. *Campbell*, 130 Ill. 186, and was *res judicata* as to the right and title of appellant in said premises.   The several appellees also filed their several amended cross-bills, setting up the matters contained in their respective answers, and alleging that the complainant had no right, title or interest, legal or equitable, in said premises, but that they, the said complainants in the cross-bills, were the owners thereof in fee; that the title of appellant was fictitious, and was derived from a pretended conveyance from George F. Harding, his grantor, who had no title, and alleging that appellant was the mere agent and tool of said Harding, who, under cover of such fictitious transfer and in the name of said Hittle, had caused the said suit to be brought and was maintaining the same to annoy the cross-complainants and cloud their title, and with the object and purpose of levying blackmail against them.   The cross-bills prayed for an injunction restraining appellant, Harding and others from entering upon said premises, and for a decree confirming the title in fee in cross-complainants, and enjoining appellant and others aforesaid from in any

manner interfering with the cross-complainants' title to or possession of the said premises.

Fraud, conspiracy and other wrong-doing were freely charged in the pleadings upon both sides, and many questions were raised which would be important to consider only on appeal from the final decree. Neither appellant nor his counsel was present on the final hearing of the cause, but the cause was heard upon the evidence as adduced by the defendants to the bill and cross-complainants in the cause, after the issues had been fully made by the pleadings. At the term at which the final decree was entered, the complainant, by his counsel, appeared and moved the court to vacate and set aside the decree and for a trial of said cause upon the merits. This motion was continued to a subsequent term, and heard upon affidavit submitted by appellant. The court made an order overruling complainant's motion, and it is from this order that the complainant took his appeal to the Appellate Court, and this appeal is prosecuted from the judgment of affirmance of said Appellate Court.

The certificate of evidence, among other things, contains the following: "This cause came on for trial upon the regular chancery calendar, upon the 8th day of May, A. D. 1895, and upon that day came a representative of William J. Ammen, Esq., one of the solicitors for the original complainant, the other solicitor for the complainant, Hugh Crea, Esq., not being represented at all, and stated to the court that William J. Ammen, Esq., was ill and unable to undertake the trial of the case at that time. Thereupon it was agreed, in open court, between the representative of said William J. Ammen and the solicitor for the defendants and cross-complainants and petitioners, that said cause might be continued until the 16th day of May, A. D. 1895, upon the express understanding that if William J. Ammen, Esq., the solicitor for the complainant, was not recovered from his illness by that date, other counsel would be employed, and upon such

understanding of counsel and the representatives of the
various parties, this court then and there continued the
hearing of said cause until the 16th day of May, A. D.
1895, directing the parties to be ready at that time,
and stating that the case must be tried upon that day,
and that if then counsel was still sick others must be
engaged; that when said continuance was granted noth-
ing was said by the representative of said complainant
to the effect that George F. Harding, a party to said
cause, was sick."

It appeared from the affidavit of Ammen that he had
been the attorney of record in said cause for appellant
from its beginning and that appellant relied upon him to
prepare and try the cause; that Crea was also employed
to assist as counsel, and that Harding was also of coun-
sel; that the cause had been fully prepared for trial, and
that Ammen was prepared to try the same, with or with-
out Crea and Harding, up to April 20, 1895, when he was
taken ill; that his illness continued until after the case
was tried, and was so severe that it wholly incapacitated
him from taking any part in it or from making or causing
to be made any affidavit for a continuance.   Crea's affi-
davit was in substance as follows:

"1. That he is an attorney at law, residing in the city
of Decatur, Illinois, and that he has been in the active
practice of his profession there for twenty-five years last
past, and has occasionally practiced in the courts of said
Cook county.

"2. That William J. Ammen, an attorney at law, then
of 107 East Madison street, in the city of Chicago, Illinois,
prepared the original bill in the above entitled cause; that
afterward affiant was employed as an attorney to act with
said Ammen in the further prosecution and management
of said cause on behalf of the complainant in said bill;
that said Ammen and affiant together argued a demurrer
interposed to the original cross-bills filed in said cause
by the defendants; that such demurrer was sustained and

said cross-bills amended; that said Ammen and affiant prepared answers to said cross-bills, as amended, and that, so far as affiant has any knowledge, said Ammen and affiant are the only solicitors of record for complainant in said original bill.

"3. That about the 15th day of May, 1895, affiant received at Decatur, aforesaid, a telegram from Chicago informing affiant that the above cause would be reached on the 16th day of May for trial; that for some time prior to the receipt of said telegram affiant had been laboring under a severe attack of neuralgia of the head, which unfitted him for the transaction of business; that affiant went to Chicago from Decatur on the night of the 15th of May, arriving there the next morning at 7:30 o'clock; that on going to the office of said Ammen affiant learned from clerks in said office that said Ammen was ill at his home in Edgewater, and that he had not been at his office for about ten days; affiant then and there learned that Mr. George F. Harding, whose testimony on behalf of the complainant in said original bill was absolutely necessary, was absent in California.

"4. That said cause was on the calendar of Judge Windes; that about eleven o'clock in the forenoon of the day said cause was called for trial affiant was in the court room of said Judge Windes; that affiant was then still laboring under said attack of neuralgia, and was in consequence wholly unfit and unable to enter upon the trial of said cause, either alone or as assistant to any other solicitor; that affiant, on behalf of the complainant in said original bill, when said cause was called for trial, as aforesaid, stated to said Judge Windes that affiant was one of the solicitors for said complainant and that said Ammen was the other, and that said Ammen and affiant had been for upward of two years associated together as said complainant's solicitors in said cause; that said Ammen, as affiant had been informed, was then ill and unable to leave his house, and that he had been ill

for upward of ten days then past.    Affiant further stated
to said court that he, affiant, was ill and utterly unfit then
to engage in the trial of said cause as sole solicitor, or
even as an assistant to another solicitor.    And affiant
further stated to Judge Windes that Mr. George F. Hard-
ing was an important witness on behalf of the original
complainant, and that even if affiant were physically able
to engage in the trial of said cause, he could not do so
with safety to his client in the absence of said Harding;
that a question of notice and a question of possession
were involved in the suit, and that such notice and pos-
session could be proved fully only by said Harding; that
affiant stated to said court that he had been informed
said Harding had gone to California, in consequence of
his health being impaired, and affiant exhibited to said
court a certificate in writing from a physician of Chicago,
in which said physician stated that he advised Mr. Hard-
ing that he would be benefited by leaving Chicago for a
time, or words to that effect.

"5.  After making the foregoing statement affiant asked
said Judge Windes to postpone the hearing of said cause
for a reasonable time until Mr. Harding's presence could
be procured and until Mr. Ammen should recover from
the illness under which he was then laboring, as affiant
had been informed, as aforesaid, affiant further then and
there stating to said judge that affiant expected he would
so far recover his own health within a few days as to be
able to take part in the trial of the cause if a postpone-
ment thereof be granted.

"6.  That said judge was inclined to grant a postpone-
ment or continuance of the cause for the reasons stated
by affiant, but the solicitors representing the defendants
refused to consent to a postponement or continuance and
insisted on an immediate trial; that thereupon said judge
said, that at a former day of the term the cause had been
continued to the then day at the instance of the com-
plainant on the ground of the absence and illness of said

Ammen, and that he, the judge, had stated, when granting such continuance, that if Ammen remained ill complainant must procure some other lawyer in his stead, and therefore defendants were entitled to an immediate trial.

"7. That thereupon affiant said that he would like to have time to prepare affidavits for a continuance, and asked till two o'clock P. M. of said day for such purpose; that said judge replied that the day's session of the court would end at one o'clock P. M.; that he would allow some time for the preparation of affidavits, but that affiant must prepare them in the court room; that affiant being too ill to do any work himself, went from the court room to a law office where he could have the aid of a stenographer and typewriter in the preparation of the necessary affidavits; that affiant was still suffering from the said attack of neuralgia in the head, and which had been aggravated by the labor, slight as it was, of making said appeal to the court for delay; that affiant made such haste as he could, under the circumstances, in the preparation of the affidavits; that when affiant left said court room a clerk in the office of the said Ammen remained to watch the proceedings in Judge Windes'room; that within half an hour after affiant left said court room the young man who had so remained behind came to the office where affiant was and informed him that Judge Windes had taken up the cause, that the trial thereof was in progress, and that defendants' counsel were introducing evidence under their answers and cross-bills.

"8. That thereupon affiant ceased preparing affidavits for a continuance or postponement of such cause, and being unfitted for the transaction of business for the reason aforesaid, affiant did not return to said court room and did not take any part in the proceedings in the trial of said cause."

Other affidavits showed that appellant, Hittle, was abroad, having gone to Europe the previous year; that Harding, who was attorney in fact, and of counsel, for

appellant, and who had been made party defendant to the cross-bills, and who, it was claimed, was a necessary witness for appellant, had, in consequence of ill-health, gone to California, and knew nothing of the proceedings had in said cause during the month of May until after the final decree was rendered. The affidavit of Harding also set up some of the grounds upon which he was advised and believed that appellant Hittle was, to use his language, "entitled to recover to the extent of being given the right of redemption from the mortgage, or from the sale upon the mortgage, in form of a deed of trust, to Joel D. Harvey, foreclosed in May, 1877, by publication, upon the ground that said sale was made at a time when the property was rendered unsalable by the deliberate action of John McNab, who instigated, directed, and for whose benefit the trustee, Joel D. Harvey, acted in selling the property, as trustee, said McNab then holding the notes for the sale, to pay which said sale was made by said Harvey in May, 1877." His affidavit further stated, "that the chief, if not the only, question remaining in said case is whether the said Omar L. Hittle has the right to redeem from the said sales made by the said Joel D. Harvey." Other affidavits were filed, some of which contained matter tending to show that the representative of appellant's counsel did not understand the terms upon which the trial of the cause was postponed from May 8 to May 16.

U. P. SMITH, for appellant.

PENCE & CARPENTER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

We are of the opinion that the trial court did not abuse its discretion in refusing to vacate and set aside the decree in this case on the showing contained in the record before us. Appellant was charged with knowledge of the terms and conditions upon which the trial of the

cause was postponed from May 8 to May 16, and it was his duty to have prepared for the hearing set for the latter date by securing other solicitors if the illness of those already employed continued, or at least to have been ready, when the case was called for trial, to show to the court that he had been unable, for sufficient reasons, to make such preparation. Had the case not been previously postponed for the same cause and appellant given time in which to secure other counsel in case those then employed were unable to appear, the showing made would have presented a very different aspect. But there was a clear lack of diligence. It was not shown whether Crea, who for upwards of two years had been associated with Ammen as counsel for appellant, was informed before May 15 of the postponement from May 8 to May 16, or whether any steps whatever were taken by appellant, or by any of his counsel or those representing his counsel, in the eight days given for the purpose, to prepare for trial. Nor were appellees or their counsel apprised that appellant would be unable to proceed with the trial, but they were allowed to put themselves in readiness for the hearing, by procuring the attendance of their witnesses and otherwise, in the expectation that the direction of the court would be complied with and the cause heard on the day fixed and agreed upon.

The question is not presented whether it would not have been error for the court to overrule a motion for a continuance had such a motion been made and supported by affidavit showing the continued illness of Ammen, and that Crea had prepared to try the cause on the part of appellant, but had, because of illness occurring subsequently to May 8, become unexpectedly unable to proceed with the trial. It may also well be that the trial court was not satisfied, as we are not, that the complainant had a meritorious case. The principal question upon which he relied, as shown by the affidavit of Harding,—that is, that the sale of the property by the trustee,

under the trust deed, was fraudulent, and that complainant had the right to redeem therefrom,—had been decided adversely to his contention by this court in the cases of *Sawyer* v. *Campbell*, 130 Ill. 186, and *Harding* v. *Fuller*, 141 id. 308, affecting the same title.

The ruling of the trial court may be sustained on either or both of the grounds mentioned. No error was committed, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

WILKIN and PHILLIPS, JJ., dissenting.